**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MAHMOUD BADER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.   1:17-cv-00819 |
| MERCHANT SERVICE MIDWEST, INC. d/b/a VELOCITY MERCHANT SERVICES, Defendant. | DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes MAHMOUD BADER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MERCHANT SERVICE MIDWEST, INC. d/b/a VELOCITY MERCHANT SERVICES ("Defendant") as follows:

NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

PARTIES

4.   Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39) residing in Chicago, Illinois, which falls within the Northern District of Illinois.

5.   Defendant provides electronic payment and processing solutions.  With its headquarters located at 3051 Oak Grove Road, Suite 201, Downers Grove, Illinois, Defendant offers its services to consumers across the country, including in Illinois.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

8.   In 2015, Plaintiff was looking for a credit card machine on the internet and supplied his contact information to Defendant.

9.   Shortly thereafter, Plaintiff began receiving calls from Defendant to his cellular phone, (857) XXX-2008.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 2008.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Upon answering calls from Defendant, Plaintiff experiences a several second pause, approximately three to five seconds in length, before speaking with a live representative.

12. In approximately August 2015, Plaintiff notified Defendant that he was no longer interested in using its services, and demanded that it stop contacting him.

13. Despite his request, Defendant has continued to systematically call Plaintiff's cellular up until the present day.

14. Plaintiff has received a number of calls from Defendant since asking it to stop calling.

15. The majority of Defendant's calls were placed while Plaintiff was at work, significantly decreasing his productivity.

16. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

17. Plaintiff has suffered financial loss as a result of Defendant's actions.

18. Plaintiff has been unfairly harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, nuisance, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

22. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The several second pause that Plaintiff experiences before being connected to a live representative indicative of an ATDS. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

23. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS after Plaintiff revoked consent. Even if Plaintiff *may* have consented to receive solicitation calls from Defendant through means of an ATDS, such permission was explicitly rescinded by his demands to cease contact.

24. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

25. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Plaintiff has been subjected to a harassing solicitation campaign by Defendant. Despite being told to stop calling, Defendant has been undeterred in its illegal behavior.

WHEREFORE, Plaintiff, MAHMOUD BADER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

4

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ILLINOIS
CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

26.   Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

28. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

29.   The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."   815 ILCS 505/2.

30.   Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff.  It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he requested that it no longer do so.  Defendant ignored Plaintiff's demand to stop calling and continued to contact him, systematically calling him a number of times up until the present day.  Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to use Defendant's services.

31. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

32. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

33. As pled in paragraphs 5 through 19, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff demanded that it stop contacting him, but yet, he was still bombarded with solicitation phone calls from Defendant. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

34. WHEREFORE, Plaintiff, MAHMOUD BADER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 31, 2017                    Respectfully submitted,

                                           s/ Nathan C. Volheim
                                           Nathan C. Volheim, Esq. #6302103
                                           Admitted in the Northern District of Illinois

6

Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com